**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVAN DANIEL OLIVARES-MORALES, | No. 14-73513 |
| Petitioner, | Agency No. A040-198-538 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2017
Submission Deferred December 8, 2017
Resubmitted September 14, 2021
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and FREUDENTHAL,[**] District Judge.

Mr. Olivares-Morales (Petitioner) petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal from an Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1

Judge's (IJ) order of removal. We have jurisdiction pursuant to the exception to the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) for reviewing questions of law and denial of relief under the Convention Against Torture (CAT). *Agonafer v. Sessions*, 859 F.3d 1198, 1202 (9th Cir. 2017); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). We deny the petition.

Petitioner is a fifty year old male, native and citizen of El Salvador. He entered the United States as a lawful permanent resident in 1986. In 2004 he was convicted of possession of a controlled substance with intent to sell in violation of Nevada Revised Statute (NRS) § 453.337. This conviction resulted in the commencement of his removal proceedings under 8 U.S.C. § 1227(a)(2)(A)(iii).

Petitioner now agrees the BIA properly denied his claims for asylum and cancellation of removal given this Court's decision in *United States v. Figueroa-Beltran*, 995 F.3d 724 (9th Cir. 2021) and the Nevada Supreme Court's decision in *Figueroa-Beltran v. United States*, 467 P.3d 615 (Nev. 2020). Petitioner concedes his 2004 conviction constitutes an aggravated felony; thus, he is ineligible for asylum and cancellation of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), (b)(2)(B)(i) (ineligibility for asylum if convicted of an aggravated felony); *id.* § 1229b(a)(3) (ineligibility for cancellation of removal if convicted of an aggravated felony).

Petitioner argues the BIA erred in concluding he failed to challenge the IJ's finding that he had been convicted of a "particularly serious crime" for the purposes

of withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(ii). Because Petitioner was not sentenced for his 2004 felony "to an aggregate term of imprisonment of at least 5 years," *see id.* § 1231(b)(3)(B), Petitioner argues his conviction does not constitute a "particularly serious crime." Petitioner also argues the BIA erred in finding he was not entitled to deferral of removal under CAT, 8 C.F.R. § 1208.17.

A failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this court of jurisdiction. *See Vargas v. U.S. Dep't of Immigr. & Naturalization*, 831 F.2d 906, 907–08 (9th Cir. 1987). A petitioner cannot make a general challenge to the IJ's decision, but "must specify which issues form the basis of the appeal." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).

We review questions of law de novo and questions of fact for substantial evidence. 8 U.S.C. § 1252(b)(4)(B); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 (9th Cir. 2010*)*. For our Court to reject a factual finding, the evidence must "compel" a conclusion different from the one which the BIA reached. *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

Petitioner contends that he sufficiently exhausted his "particularly serious crime" argument by arguing that his state convictions were not categorically aggravated felonies. However, his brief before the BIA did not raise any argument about whether any conviction was for a "particularly serious crime." Accordingly, Petitioner failed to exhaust this issue because his arguments were not "sufficient to

3

put the BIA on notice that he was challenging" the IJ's analysis and conclusion that petitioner was convicted of "particularly serious crimes" which bar him from receiving withholding of removal. *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004).

Finally, Petitioner claims protection under CAT arguing his gang-related tattoos make it more likely than not that he will be targeted for harm by the police or rival gangs with the acquiescence of a public official. The evidence does not compel a result contrary to the BIA's conclusions that it is not likely Petitioner will be targeted given the length of time since he was involved in gang activities and, even if targeted, the record does not indicate there would be acquiescence or willful blindness by a public official toward torture by private individuals or gangs. Finally, the BIA did not err in applying the standard for protection under CAT. 8 C.F.R. § 1208.18(a)(1). The BIA specifically recited the correct standard, and its reference to the "Salvadorian government" and "government officials in El Salvador" does not show a departure from our case law.

**PETITION DENIED.**